AUGUST KREGER vs. BISMARCK TOWNSHIP.

Submitted on briefs Oct. 10, 1894. Affirmed Oct. 30, 1894.

No. 8683.

**Town when not liable for acts of its officers.**

> As a town is not liable for the illegal or unauthorized acts of its officers, though done *colore officii*, it is necessary to allege or show in a complaint, in an action brought against such town for damages caused by the acts of its officers, that such acts were within the scope of their power or authority.

Appeal by plaintiff, August Kreger, from an order of the District Court of Sibley County, *Francis Cadwell*, J., made January 24, 1894, denying his motion for a new trial.

The complaint alleged that the defendant, the Township of Bismarck in that county by its supervisors in attempting to drain and improve a highway dug a ditch on the southeast quarter of section twenty three and thence easterly across the highway and over and across the southwest quarter of section twenty four, T. 113, R. 29, in Sibley County to a point within ten rods of the west half of the southeast quarter of said Section twenty four belonging to the plaintiff, thereby draining a large marsh on the first described quarter section to and onto plaintiff's land.

It also alleged that the Township dug other ditches along said highway and emptying into the first, whereby large quantities of surface water were collected and discharged upon plaintiff's land without any authority of law, thereby destroying his meadow thereon to his damage $300, for which sum plaintiff asked judgment.

The Township for answer denied each and every of these allega-

tions. A jury was empaneled to try these issues, but before any evidence was submitted the court on motion of the defendant dismissed the action on the ground that the complaint stated no cause of action against the Township. The plaintiff excepted and afterwards moved for a new trial. Being denied he appeals.

*Geo. A. McKenzie* and *Thomas Hessian,* for appellant.

In the matter of opening and working highways the acts of the supervisors are the acts of the town and for which it is liable in damages. It is alleged in the complaint that the acts therein mentioned were done by the supervisors for and on behalf of the town and for the purpose of draining and improving the highway mentioned in the complaint, and that in doing the work they acted in their official capacity, and that the damages of the plaintiff resulted from the way and manner in which the work was done. *Woodruff* v. *Town of Glendale,* 23 Minn. 537; *Peters* v. *Town of Fergus Falls,* 35 Minn. 549; *Gilman* v. *Laconia,* 55 N. H. 130; *Haynes* v. *Burlington,* 38 Vt. 350; *Hill* v. *Boston,* 122 Mass. 344; *O'Brien* v. *City of St. Paul,* 25 Minn. 331; *Township of Blakely* v. *Devine,* 36 Minn. 53; *Pye* v. *City of Mankato,* 36 Minn. 373; *Beach* v. *Gaylord,* 43 Minn. 476; *Brown* v. *Winona & S. W. Ry. Co.,* 53 Minn. 259.

The defendant's motion was first made after a jury had been empaneled and the plaintiff called and sworn as a witness in his own behalf. Objections made at that stage of the case are not favored. It was error to dismiss the action at that stage of the case without first allowing the plaintiff leave to amend. If the defendant had demurred to the complaint the plaintiff would as a matter of course have been granted leave to amend. The defendant ought not to be granted any greater rights here than he would be granted in the case of demurrer. When an objection is not interposed until after the issue is made up and the cause called for trial, it should not be allowed to prevail if the proceedings can be sustained by any reasonable intendment. *McArdle* v. *McArdle,* 12 Minn. 106; *Cochrane* v. *Quackenbush,* 29 Minn. 376.

*W. H. Leeman,* for respondent.

When this case came on for trial defendant objected to the admission of any evidence on the ground that the complaint does not state

facts sufficient to constitute a cause of action. The reasons for the objection are that it nowhere appears in the complaint where the ditch referred to therein was located. It is not alleged that it is on a public highway. The facts alleged are not sufficient to make a cause of action.

Assuming that the ditch complained of is constructed on the highway for the purpose of improving it, still the complaint is defective for the reason that it does not allege negligence or want of due care in making the improvement. The town, through its proper officers, has a right to improve its highways and it cannot be held liable for consequential injuries resulting from the proper improvement of them. It only becomes liable to third persons when it is guilty of carelessness or negligence in the manner of making the improvement. *Brown* v. *Winona & S. W. Ry. Co.*, 53 Minn. 259; *Jordan* v. *St. Paul, M. & M. Ry. Co.*, 42 Minn. 172; *Rowe* v. *St. Paul, M. & M. Ry. Co.*, 41 Minn. 384; *Moyer* v. *New York Cent. & H. R. R. Co.*, 88 N. Y. 351; *Conklin* v. *New York, O. & W. Ry. Co.*, 102 N. Y. 107; *Hoyt* v. *City of Hudson*, 27 Wis. 656.

Assuming that the ditch complained of was dug off the highway, then the defendant is not liable, for the reason that a town is not liable for damages resulting from the digging of a ditch by its Board of Supervisors off the public highway. A township has no authority to make ditches off or outside the public highways for any purpose except as provided by 1878 G. S. ch. 13, §§ 101–108. The supervisors are agents of the town and cannot do in an official capacity what the town is not lawfully authorized to do. The facts stated in the complaint may be sufficient to constitute a cause of action against the supervisors individually but not against the town, as no facts are alleged showing the authority of the supervisors to construct the ditch off the public highway. There is no implied power vested in the town or its supervisors to make ditches outside the public highways.

No application was made to the court to amend. Under such circumstances it was not error to dismiss the action. *Soper* v. *County of Sibley*, 46 Minn. 274.

COLLINS, J. It was not alleged or shown by the complaint in this action that the ditches in which plaintiff claims surface waters were

accumulated, and from thence cast upon his land, to its great injury, were dug by defendant's supervisors within the limits of a highway. In fact, it may fairly be inferred from the pleading that, for the purpose of improving certain public roads, the supervisors entered upon private property, and there constructed the ditches in question. A town is without authority to ditch upon such property, except as the right may be acquired under the provisions of 1878 G. S. ch. 13, §§ 101–108. Its supervisors could not in an official capacity do what it was not lawfully authorized to do; hence a town is not liable for the illegal or unauthorized acts of its officers, though done *colore officii*, unless it previously authorized or subsequently ratified such acts. As the complaint failed to allege or show that the acts complained of were performed by the supervisors within the scope of their power or authority, no cause of action was stated against the town. Order affirmed.

(Opinion published 60 N. W. 675.)