E. J. KOHLHASE v. TOWN OF BERTHA and Another.[2]

February 28, 1908.

Nos. 15,442—(212).

Action in the district court for Todd county against defendant town and William Zimmerman to recover $564.40 damages for the alleged negligent construction of a ditch along a highway causing much water to be discharged upon plaintiff's land. At the trial before Baxter, J., a motion to dismiss the action was granted when plaintiff rested. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Geo. W. Peterson* and *Arthur B. Church*, for appellant.

*E. B. Wood* and *P. V. Coppernoll*, for respondents.

PER CURIAM.

Action to recover damages for the alleged negligent construction of a ditch along a public highway whereby large quantities of water were cast

[1] Reported in 114 N. W. 1133.     [2] Reported in 115 N. W. 1134.

upon plaintiff's premises. The action was dismissed at the close of plaintiff's case on the trial below on the ground that the evidence was insufficient to charge defendants, or either of them, with liability. Plaintiff appealed from an order denying a new trial.

We find no evidence in the record to justify a reversal of the case. Plaintiff's right to recover depends upon two questions: (1) Whether the defendant town ever authorized the construction of the ditch complained of, and if not, (2) whether it subsequently ratified or confirmed the act of the person who constructed it. Both these questions must be answered adversely to plaintiff's contention.

The ditch was constructed by one Weiher upon land owned by him adjacent to the highway and extends along and parallel to the highway across Weiher's land to and about ten rods "onto plaintiff's land," and the evidence does not show that it was constructed within the boundaries of the highway. Whether this highway was one acquired by user under the statute, or was formally laid out by the public authorities, does not appear; nor are the boundaries of the highway anywhere shown. The purpose of the ditch was to improve the highway, however, by draining surface water therefrom and it was constructed by Weiher under authority from the township overseer of highways. But, so far as the evidence informs us, it was not a town ditch, nor has the town ever assumed charge or control of it. Though designed to improve the highway, it was upon private property and the act of the overseer in directing or authorizing its construction was not binding upon the town. Kreger v. Bismark Township, 59 Minn. 3, 60 N. W. 675. There is a total lack of evidence in the record to show that the town, acting through its board of supervisors, ever authorized in any manner the construction of the ditch. But it is claimed that the town should be held to have ratified the construction of the ditch from the following facts: After it had been constructed by Weiher, one Zimmerman, a member of the town board, requested or suggested to him that he open up an old ditch, with which the new one connected, to the end that the water collected therein might pass on to the river some distance away. In compliance with this suggestion or request, Weiher extended the ditch to the river, and Zimmerman procured or induced the town to pay him for his work in so extending it the sum of $20. We fail to discover in this act anything upon which to predicate the claim that the town ratified and confirmed the construction of the Weiher ditch, which was the cause of the injury complained of. The purpose of the extended ditch was to relieve lands from water collected by the Weiher ditch, and this is far from showing ratification by the town supervisors of the construction of that ditch.

So far as the record shows the town has never asserted the right to maintain the Weiher ditch or any part of it. It is not shown to be a public ditch, and we discover no reason why plaintiff could not, as the same enters upon

his premises, obstruct it, or maintain an action against Weiher for trespass. Neither do we find any evidence in the record to justify a recovery against Zimmerman personally.

. Order affirmed.